UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                  Case No.:  2:20-cv-310-FtM-29MRM

APAX PARTNERS LLP, ATTENTI
US. INC., 3M and MIKE ROMAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiffs' [sic] Opposed Motion to Disqualify Counsel (Doc. 21) and Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62), filed by *pro se* Plaintiff Louis Matthew Clements. Defendants filed responses in opposition to both motions. (Docs. 31; 64). After careful review of the parties' submission and the record, the Undersigned respectfully recommends that Plaintiffs' [sic] Opposed Motion to Disqualify Counsel (Doc. 21) and Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

The nature of the arguments raised in the motions and responses necessitates a lengthy explanation of the procedural background of the action and its 2016 companion.

In 2016, Plaintiff filed a lawsuit ("2016 Lawsuit") against 3M Electronic Monitoring, *see Clements v. 3M Elec. Monitoring*, No. 2:16-CV-776-FTM-38CM, 2017 WL 4326618, at *2 (M.D. Fla. June 29, 2017), *aff'd sub nom. Clements v. Attenti US, Inc.*, 735 F. App'x 661 (11th Cir. 2018), which is now known as Attenti US, Inc. ("Attenti"), (Doc. 31 at 2 n.2). Clements alleged that while on probation, he was subjected to monitoring by electronic bracelets manufactured by 3M Electronic Monitoring. *Clements*, 2017 WL 4326618, at *1. Clements contended, however, that due to 3M Electronic Monitoring's negligence or defective products, the bracelet would erroneously alert the authorities that he violated the terms of his probation when he did not. *Id*. Clements argued that as a result of the false information, he was arrested and incarcerated. *Id.* Notably, Day Pitney LLP represented 3M Electronic Monitoring. *See id.* Having taken judicial notice of the docket sheet in the underlying criminal case, the district court dismissed the action as time-barred. *Id.* at *2. On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the dismissal on alternate grounds. *Clements*, 735 F. App'x at 663. Specifically, the Eleventh Circuit concluded that dismissal was proper because Clements failed to

"allege physical harm to his person or property" as required to recover for products liability in Florida under either a theory of strict liability or negligence. *Id.*

Two years later, on April 28, 2020, Plaintiff filed the instant action against Defendants Apax Partners LLP, Attenti, 3M, and Mike Roman, in his official capacity as CEO of 3M, making substantially the same allegations as the 2016 Lawsuit. (Doc. 1). Plaintiff filed his Amended Complaint, which added Day Pitney LLC as a Defendant on June 25, 2020. (Doc. 16). With leave of the Court, Plaintiff filed a Second Amended Complaint on July 14, 2020. (Doc. 24). On September 11, 2020, the presiding trial judge dismissed without prejudice the Second Amended Complaint for lack of subject matter jurisdiction. (Doc. 54). Specifically, the presiding trial judge found that the Second Amended Complaint had not sufficiently defined the citizenship of Plaintiff and Defendants Mike Roman, Apax Partners LLP, Day Pitney LLP, Attenti, and 3M. (*Id.* at 3-5). On September 21, 2020, Plaintiff filed his Third Amended Complaint, which addressed the deficiencies in the Second Amended Complaint, alternatively invoked subject matter jurisdiction under 28 U.S.C. §§ 1331; 1343, and added United States District Judge Sheri Polster Chappell, United States Court of Appeals for the Eleventh Circuit, and "several unnamed defendant appeals court Judges" as Defendants. (Doc. 55 at 2-4). The presiding trial judge dismissed the Third Amended Complaint with prejudice against United States District Judge Sheri Polster Chappell, United States Court of Appeals for the Eleventh Circuit, and "several unnamed defendant appeals court Judges" and without prejudice against the remaining Defendants. (Doc. 56 at 4). Plaintiff filed

3

his Fourth Amended Complaint, which is now the operative Complaint, on October 6, 2020, naming Apax Partners LLP, Attenti, 3M, and Mike Roman, in his official capacity as CEO of 3M, as Defendants. (Doc. 57).

## DISCUSSION

In both motions *sub judice*, Plaintiff seeks a Court order disqualifying Day Pitney LLP from representing Defendants in the instant action. (Doc. 21 at 11; Doc. 62 at 15-16). As explained below, the arguments in the two motions are largely the same, but not identical. (*See* Docs. 21; 62). Additionally, in Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) Plaintiff asks the Court to Strike Defendants' motions to dismiss (Docs. 59; 60) but offers no legal argument in support. (*See* Doc. 62 at 14-15). Finally, in Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) requests that the Court "issue a default in favor of Plaintiff [as] he requested in [DE 28]." (*Id.* at 14-15). Plaintiff, however, offers no legal basis for the Court to so do. (*Id.*).

As an initial matter, to the extent that Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) seeks the same relief as Plaintiffs' [sic] Opposed Motion to Disqualify Counsel (Doc. 21) on the same grounds, the Undersigned will analyze the arguments once. To the extent that Plaintiffs [sic] Emergency Amended Opposed Motion to Disqualify Counsel and

4

Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) seeks alternative relief, the Undersigned will consider the motion separately.

I.      **Motion to Disqualify**

The Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida, govern all members admitted to the bar of this Court, generally or specially. M.D. Fla. R. 2.04(d); *see also Keane v. Jacksonville Police Fire & Pension Fund Bd. of Trustees*, No. 3:16-CV-1595-J-20PDB, 2017 WL 4102302, at *5 (M.D. Fla. Sept. 15, 2017). Notably, "[a]lthough highly persuasive, the decisions of the Supreme Court of Florida are not binding upon the United States District Court for the Middle District of Florida in interpreting the Rules." *Residences at European Vill. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 3:19-CV-1490-J-20JRK, 2020 WL 2114679, at *3 (M.D. Fla. May 4, 2020).

"While it is true that there is a constitutionally based right to counsel of choice, it is also well established that the right is not absolute." *In re BellSouth Corp.*, 334 F.3d 941, 955 (11th Cir. 2003). Thus, "[a] motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). Nevertheless, disqualification "is a harsh sanction" and "should be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). A litigant's choice of counsel, therefore, may be overridden only if "compelling reasons" exist. *In re BellSouth Corp.*, 334 F.3d at 961

(quoting *Texas Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992)).  The party moving to disqualify counsel bears the burden of proving the grounds for disqualification.  *Id.* (citing *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. 1981)).  Additionally, if disqualification rests on an ethical violation, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power," but rather, the Court must identify the rule and find that the lawyer violated it.  *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

Here, the Undersigned finds that Plaintiff has not met his burden to prove that any grounds for disqualification exists.  *See In re BellSouth Corp.*, 334 F.3d at 961.  The Undersigned will consider each of Plaintiff's arguments in turn below.

In Plaintiffs' [sic] Opposed Motion to Disqualify Counsel, Plaintiff first argues that Day Pitney LLP should be disqualified because Plaintiff has named Day Pitney LLP as a defendant.  (Doc. 21 at 1-2).  Because Day Pitney LLP is not named as a Defendant in the Fourth Amended Complaint – the operative pleading filed after – the Undersigned finds this argument moot.  (*See* Doc. 57).

Plaintiff next asserts that Day Pitney LLP[1] has a "[p]attern of [p]rofessional [i]mpropriety."  (Doc. 21 at 2).  Specifically, Plaintiff contends that Day Pitney LLP violated the Model Rules of Professional Conduct of the American Bar Association

---

[1] Because Plaintiff seeks to disqualify Day Pitney LLP as a whole, rather than specific attorneys, the Undersigned will refer to Day Pitney LLP attorneys as the entity itself.

6

by emailing Plaintiff a motion for Rule 11 sanctions before filing the motion. (*Id.* at 3). Plaintiff argues that Day Pitney LLP sought to "intimidate and abuse Plaintiff" and that it is an "Intentional Infliction of Emotional Distress" because Day Pitney LLP is aware of Plaintiff's mental and physical ailments. (*Id.*). As a result, Plaintiff appears to contend that Day Pitney LLP has violated several Rules of Professional Conduct because it has acted in a fraudulent and dishonest fashion. (*Id.* at 4-7).

In response, Defendants argue that Day Pitney LLP did not violate the Rules of Professional Conduct by serving but not filing the motion for Rule 11 sanctions because under Fed. R. Civ. P. 11(c)(2), Day Pitney LLP was required to do just that. (Doc. 31 at 12 (citing Fed. R. Civ. P. 11(c)(2))). Defendants also argue that the motion is warranted because the Eleventh Circuit previously warned Plaintiff that sanctions may be appropriate if he files a lawsuit for the same claims as the 2016 Lawsuit. (*Id.* at 13).

The Undersigned finds Plaintiff's arguments are meritless. Indeed, as noted by Defendants, under Fed. R. Civ. P. 11(c)(2), Defendants were obligated to serve, but not file, the motion. As a result, the Undersigned cannot find any wrongdoing on the part of Defendants' counsel or any other conduct that would justify a demand for disqualification. *See* Fed. R. Civ. P. 11(c)(2). Importantly, the Undersigned makes no finding regarding the merits of the Rule 11 motion itself.

Next, Plaintiff argues that Day Pitney LLP's alleged fraudulent behavior in the 2016 Lawsuit is "substantially related" to this lawsuit. (Doc. 21 at 7 (citing *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1341, 1346 (5th Cir. 1981), *abrogated*

7

by *Gibbs v. Paluk*, 742 F.2d 181 (5th Cir. 1984); *Matter of Glob. Video Commc'ns Corp.*, 102 B.R. 868, 869 (Bankr. M.D. Fla. 1989))). Plaintiff cites a series of cases in support of his argument. (*See id.* at 7-8). Plaintiff also contends that he has standing to move for disqualification despite having no prior attorney-client relationship. (*Id.* at 9-10 (citing *Lee v. Fla. Dep't of Ins. & Treasurer*, 586 So. 2d 1185 (Fla. Dist. Ct. App. 1991))). Specifically, Plaintiff argues that Day Pitney LLP is due to be disqualified because it "previously represented more than one of the instant case[']s parties in the previous case where they were not Plaintiff[']s attorney, yet a similarly compelling circumstance exists in this case." (*Id.* at 10-11 (citing *Kenn Air Corp. v. Gainesville-Alachua Cty. Reg'l Airport Auth.*, 593 So. 2d 1219 (Fla. Dist. Ct. App. 1992))). Plaintiff, therefore, asserts that Day Pitney LLP is due to be disqualified. (*Id.*).

For their part, Defendants argue that although Plaintiff maintains that Day Pitney LLP engaged in unprofessional conduct during the 2016 Lawsuit, Plaintiff does not "assert sufficient facts to suggest any wrongdoing." (Doc. 31 at 9). Additionally, Defendants contend that Plaintiff has not argued that he is a former client of the firm or that the firm obtained any confidential information during the previous lawsuit. (*Id.*).

Moreover, Defendants argue that to the extent Plaintiff contends wrongdoing as it relates to a request for judicial notice of the criminal docket in support of the motion to dismiss the 2016 Lawsuit, Plaintiff's contentions have been considered by the Eleventh Circuit and do not violate the Rules of Professional Conduct. (*Id.* at 9-12). Indeed, Defendants argue that neither Defendants nor Day Pitney LLP acted

8

wrongfully in requesting judicial notice because there was no duty to confer with Plaintiff prior to filing the request, Plaintiff did not object to the request, and Plaintiff did not address the issue in his response in opposition to the motion to dismiss.  (*Id.* at 10-11).  Nevertheless, Defendants note that even if there were wrongdoing on the part of Defendants or their counsel, the Eleventh Circuit affirmed the dismissal on other grounds and, therefore, "[t]here is no causal nexus between the Request and the ultimate dismissal of the case." (*Id.* at 10).

Furthermore, Defendants argue that the cases cited by Plaintiff are all inapposite to the facts here.  (*Id.* at 13-17).  Accordingly, Defendants argue that Plaintiff has provided no evidence on which the Court can find that disqualification is warranted.  (*Id.* at 17).

The Undersigned finds the cases by or within the Eleventh Circuit, cited by Plaintiff, inapposite.  Indeed, none of the cases cited by Plaintiff disqualify counsel based on having previously represented the same side in a similar lawsuit.  Specifically, *In re Corrugated Container Antitrust Litig.*, 659 F.2d at 1341, *Ruff*, 102 B.R. at 868, and *State Farm v. K.A.W.*, 575 So. 2d 630 (Fla. 1991) are inapposite because the conflict of interests in those cases arose from the opposing party's status as a former client.  Likewise, *Norton v. Tallahassee Mem. Hosp.*, 689 F.2d 938 (11th Cir. 1982), *Ford v. Piper Aircraft Corp.*, 436 So. 2d 305 (Fla. 5th DCA 1983), and *Lee*, 586 So. 2d at 1185 are distinguishable in that, unlike in those cases, Plaintiff here has made no meritorious argument that Day Pitney LLP has obtained confidential information or improper knowledge or has now or at any point had the opportunity

9

to obtain such information or knowledge. Finally, *Kenn Air Corp*, 593 So. 2d at 1219 is inapposite because, unlike here, the appellate court rested its holding on the fact that the counsel had "switched sides" from the previous lawsuit. *Id.* at 1223.

Moreover, as to any argument that Day Pitney LLP acted improperly in requesting that the Court take judicial notice of the criminal docket during the 2016 Lawsuit, the Undersigned finds the argument similarly meritless. Indeed, a criminal docket is precisely the type of document that Fed. R. Evid. 201(b) permits a court to judicially notice because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (noting that a court may take judicial notice of public records); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) (taking judicial notice of the public docket in the plaintiff's criminal case). Moreover, as Defendants noted, M.D. Fla. R. 3.01(g) did not require Day Pitney LLP to confer with Plaintiff regarding the substance of their motion to dismiss. Thus, while it may have been tactful for Day Pitney LLP to confer, considering Plaintiff's *pro se* status, it was not required. *See* M.D. Fla. R. 3.01(g). As a result, the Undersigned cannot find the failure to confer impermissible.

Finally, Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default raises an additional ground for Day Pitney LLP's disqualification. (Doc. 62 at 1-5). Specifically, Plaintiff contends that Day Pitney LLP seeks to conceal that the Court lacked subject matter jurisdiction over the 2016 Lawsuit because Attenti,

10

which has its principal place of business in Florida, bought 3M Electronic Monitoring. (*Id.* at 2-5). Additionally, Plaintiff notes that after he explained the jurisdictional issue to defense counsel, the declaration attached to Defendants' motion to dismiss Plaintiff's Third Amended Complaint (Doc. 30-1), explaining the lack of diversity between Plaintiff and Attenti, was notably absent from the most recent motion to dismiss. (Doc. 62 at 6). As a result, Plaintiff contends that Day Pitney LLP has "made yet another fraudulent misrepresentation to Plaintiff and the Court." (*Id.* at 5 (emphasis omitted)).

The remainder of Plaintiff's arguments in support of its motion to disqualify mirror those laid out above and need not be repeated. (*Id.* at 5-10).

In response, Defendants argue that Plaintiff's arguments are factually inaccurate. (Doc. 64 at 6). Indeed, Defendants contend that at the time of filing the 2016 Lawsuit, 3M Electronic Monitoring was a wholly owned subsidiary of 3M Company, with its principal place of business in Minnesota. (*Id.*). After Plaintiff filed the 2016 Lawsuit, however, Attenti bought 3M Electronic Monitoring, and its principal place of business moved to Florida. (*Id.* at 7). Because citizenship for the purposes of diversity jurisdiction is determined at the time of filing, Defendants argue that diversity existed in the 2016 Lawsuit but not in the current case. (*Id.* at 7-8). Nevertheless, Defendants contend that Plaintiff's Fourth Amended Complaint alleged federal question diversity, and Defendants, therefore, did not argue lack of subject matter jurisdiction in the motions to dismiss. (*Id.* at 8-9).

The Undersigned is again unpersuaded by Plaintiff's argument. Indeed, Plaintiff's arguments incorrectly interpret the law governing citizenship for the purposes of subject matter jurisdiction. (*See* Doc. 62 at 2-5). The United States Supreme Court has found that "all challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Based on the allegations in the 2016 Lawsuit's Second Amended Complaint, 3M Electronic Monitoring was a subsidiary of 3M Company and was, therefore, a citizen of Minnesota for the purposes of subject matter jurisdiction. *Clements v. 3M Electronic Monitoring*, No. 2:16-CV-00776-SPC-UAM, (Doc. 10 at 2) (listing the defendant's street address as "3M Corporate Headquarters, 3M Center"); *see also Clements*, 735 F. App'x at 662 n.1 (noting that 3M Electronic Monitoring was sold to Attenti Electronic Monitoring during the pendency of the appeal). Thus, based on the alleged facts at the time the actions were filed, it appears that diversity existed in the 2016 Lawsuit but not the current action. Nevertheless, even if Day Pitney LLP is incorrect in its analysis of the parties' citizenship, Plaintiff has not met his burden to prove that Day Pitney LLP intentionally or maliciously presented the arguments and violated any ethical obligations. *See In re BellSouth Corp.*, 334 F.3d at 961.

Additionally, without determining whether the invocation is proper, the Undersigned notes that unlike the Second Amended Complaint, the Fourth

Amended Complaint also alleges that subject-matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1343, and raises a federal question. (*See* Doc. 57 at 4, 47). The Undersigned cannot find, therefore, that Day Pitney LLP has somehow defrauded Plaintiff or the Court by failing to challenge the subject matter jurisdiction.

In sum, the Undersigned finds that Plaintiff has failed to meet his burden to prove that Day Pitney LLP has engaged in any misconduct. Yet, even if the presiding United States District Judge finds that Day Pitney LLP has acted wrongfully, disqualification is not required. *Med. & Chiropractic Clinic, Inc. v. Oppenheim*, No. 8:16-CV-1477-T-36CPT, 2018 WL 4561783, at *8 (M.D. Fla. Aug. 10, 2018) (citing *Great Am. Ins. Co. v. Gen. Contractors & Const. Mgmt., Inc.*, No. 07-21489-CIV, 2008 WL 1994857, at *1 (S.D. Fla. May 6, 2008)). Rather, a Court has broad discretion in deciding whether to disqualify counsel. *Id.* (citing *Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp. 651, 654 (M.D. Fla. 1992), *aff'd,* 43 F.3d 1439 (11th Cir. 1995)). Accordingly, due to the harsh nature of the sanction and the finding that Plaintiff has not met his burden, the Undersigned recommends that Plaintiffs' [sic] Opposed Motion to Disqualify Counsel (Doc. 21) and Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62), to the extent it seeks the same relief, be denied.

## II.     Motion to Strike

To the extent Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and

13

Enforce a Default (Doc. 62) seeks to strike Defendants' motions to dismiss (Docs. 59; 60), the Undersigned finds that the motion is due to be denied.

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (second alteration in original) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 865 (5th Cir. 1962)).

Here, however, the Undersigned finds that the relief must be denied because it is procedurally improper. *See Marfut v. Gardens of Gulf Cove POA, Inc.*, No. 2:17-CV-595-FTM-38CM, 2018 WL 746866, at *2 (M.D. Fla. Feb. 7, 2018). Indeed, Fed. R. Civ. P. 12(f) "allows a court to strike pleadings, not motions." *Id.* (citing *Harrington v. RoundPoint Mortg. Servicing Corp.*, No. 2:15-CV-322-FTM-38MRM, 2017 WL 1331072, at *1 (M.D. Fla. Apr. 11, 2017)). As a result, the Undersigned recommends that the motion be denied to the extent that Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) seeks to strike the motions to dismiss under Fed. R. Civ. P. 12(f).

### III. Motion to Enforce Default

To the extent that Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and

Enforce a Default (Doc. 62) seeks an entry of default against Defendants, the Undersigned finds that the motion is due to be denied.

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, however, Defendants have not failed to plead or otherwise defend because they have filed motions to dismiss the operative complaint. (*See* Docs. 59; 60). The Undersigned recommends, therefore, that the motion be denied to the extent that Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) seeks an entry of default against Defendants.

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiffs' [sic] Opposed Motion to Disqualify Counsel (Doc. 21) be **DENIED without prejudice.**

2. Plaintiffs' [sic] Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants [sic] Motions to Dismiss and Enforce a Default (Doc. 62) be **DENIED without prejudice.**

15

**RESPECTFULLY RECOMMENDED** in Chambers in Fort Myers, Florida on January 13, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties