```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                                    Case No: 2:20-cv-310-JES-MRM

APAX PARTNERS LLP, ATTENTI
US. INC., 3M, and MIKE
ROMAN, in his official
capacity as CEO of 3M,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #75), filed January 13, 2021, recommending that plaintiff's Opposed Motion to Disqualify Counsel (Doc. #21) and plaintiff's Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike and Enforce a Default (Doc. #62) both be denied without prejudice. Plaintiff filed an Opposition (Doc. #76) on January 28, 2021, and defendants filed a Response in Opposition to Plaintiff's Objection (Doc. #77) on February 5, 2021.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

By his two motions, plaintiff seeks to disqualify the law firm representing defendants in the current litigation. The magistrate judge found no basis to disqualify the law firm. After a *de novo* review, the Court agrees with this determination, finds no reason to disqualify the law firm, and denies both motions.

**II.**

Plaintiff argues that the Magistrate Judge failed to cite case law acknowledging that plaintiff is *pro se* and subject to a "less stringent standard." The Magistrate Judge was well aware of plaintiff's status, specifically stating that the motions were "filed by *pro se* Plaintiff Louis Matthew Clements" and later again "considering Plaintiff's *pro se* status." (Doc. #75, pp. 1, 10.) Although it is certainly correct that a court construes *pro se*

filings liberally, Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168 (11th Cir. 2014), there is no requirement that the court repeat that principle in every such order. The liberal construction does not authorize a court "to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Id. at 1168-69 (citation omitted). Plaintiff's arguments were properly construed by the magistrate judge.

As plaintiff recognizes, the party moving to disqualify counsel bears the burden of proving grounds for disqualification. (Doc. #76, p. 3.)  Plaintiff argues that the magistrate judge applied the wrong standard to determine whether the Day Pitney law firm should be disqualified. (Doc. #76, pp. 4-18.)  Plaintiff argues that In re BellSouth corp., 334 F.3d 941, 960 (11th Cir. 2003), provides two lines of cases involving disqualification of counsel, and that the Magistrate Judge applied Schlumberger Tech., Inc. v. Wiley, 113 F.3d 1553 (11th Cir. 1997) when he should have applied Kleiner v. First Nat'l Bank of Atl., 751 F.2d 1193 (11th Cir. 1985). (Id.)

Plaintiff argues that Day Pitney LLP intentionally and maliciously disrupted the orderly administration of justice in his 2016 case, and carried the behavior over to the current case. (Id.)  Plaintiff argues that Day Pitney committed fraud on the court in the 2016 litigation by intentionally and maliciously

asking for an unwarranted dismissal with prejudice and inciting the district court to erroneously dismiss the case with prejudice, and by ignoring various federal rules of procedure, including the taking of judicial notice. Plaintiff further argues that even if unsuccessful, the efforts of Day Pitney to disrupt the orderly administration of justice require its disqualification. Plaintiff argues that Day Pitney's disruption continues into the current case since Day Pitney continues to seek sanctions for plaintiff's conduct and to cover for its client as to a matter affecting the subject matter jurisdiction of the court in the 2016 case. (Doc. #76, pp. 4-18.)

The Magistrate Judge considered both lines of authority, noting that "if" disqualification rested on an ethical violation Schlumberger required the court to identify the ethical rule and find the attorney violated it. (Doc. #75, p. 6.) The Magistrate Judge then addressed the specific misconduct asserted by plaintiff to have threatened the orderly administration of justice as per Kleiner. (Id. at 6-13.) The Magistrate Judge found no evidence on which the Court could find disqualification was warranted. (Doc. #75, p. 9.) The Magistrate Judge found "no meritorious argument that Day Pitney LLP" obtained confidential information or improper knowledge, or even an opportunity to obtain such information or knowledge alleged. (Doc. #75, pp. 9-10.) As to the other arguments raised by plaintiff, the Magistrate Judge found

- 4 -

that the request for judicial notice was not improper and plaintiff was incorrect on his understanding of the 2016 court's subject matter jurisdiction. (Id., pp. 10-13.)  The Magistrate Judge found no fraud on the Court, stating:

> In sum, the Undersigned finds that Plaintiff has failed to meet his burden to prove that Day Pitney LLP has engaged in any misconduct. Yet, even if the presiding United States District Judge finds that Day Pitney LLP has acted wrongfully, disqualification is not required.

(Id., p. 13.)

After a *de novo* review, the Court finds that plaintiff has not established any conduct by Day Pitney which threatened or attempted to threaten the orderly administration of justice in the 2013 case or in the current case.  According, plaintiff has not established any basis to disqualify Day Pitney from representing defendants in the current case.

Plaintiff acknowledges that his motion to strike must be denied.  (Doc. #76, p. 18.)  That motion will be denied.

Plaintiff argues that because of the fraud he has outlined in the 2016 case, he is entitled to a "Default win" in the 2016 case, which would "carry over" to a win in the current case.  (Doc. #76, pp. 18-19.)  This argument is clearly without merit.  The Court finds that no fraud on the court was committed.  The 2016 case was dismissed, the dismissal affirmed on appeal, and there is no legal basis for a default to be entered in plaintiff's favor.

After a careful and complete review of the Report and Recommendations, as well as the record in this case and the submissions of the parties, the Court accepts the Report and Recommendation of the magistrate judge and overrules the objections by plaintiff. After *de* novo review the Court finds that defendants' retention of the Day Pitney law firm will not interfere with the orderly administration of justice and does not violate any ethical rule. Therefore, there is no basis for disqualification of the law firm.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #75) is hereby **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. Plaintiff's Opposition (Doc. #76) is **overruled.**

3. Plaintiff's Opposed Motion to Disqualify Counsel (Doc. #21) is **DENIED.**

4. Plaintiff's Emergency Amended Opposed Motion to Disqualify Counsel and Motion to Strike Defendants Motions to Dismiss and Enforce a Default (Doc. #62) is **DENIED** in its entirety.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of March, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record