```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LOUIS MATTHEW CLEMENTS,

       Plaintiff,

v.                              Case No:  2:20-cv-310-FtM-29MRM

APAX PARTNERS LLP, ATTENTI
US. INC., 3M, and MIKE
ROMAN, in his official
capacity as CEO of 3M,

       Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Reconsider Dismissal With Prejudice of Judicial Defendants (Doc. #71) filed on October 8, 2020, but docketed on December 3, 2020.[1] Defendants filed a Response in Opposition (Doc. #73) on December 16, 2020, and plaintiff filed a Reply (Doc. #74) on December 25, 2020.  Plaintiff seeks reconsideration of the Court's Order (Doc. #56) dismissing United States District Judge Sheri Polster Chappell, the U.S. Court of Appeals Eleventh Circuit, and any "unnamed defendant appeals court Judges" with prejudice, and otherwise directing the filing of a Fourth Amended Complaint.  For

---

[1] During the period of time when the Courthouse was closed to the public, *pro se* litigants were permitted to use an online portal for electronic filing.  Although the Courthouse is now open, the portal remains active and this filing was missed as it came in with several other filings.

the reasons set forth below, the Court **grants** plaintiff's motion to reconsider in order to consider the arguments presented by plaintiff. After considering those arguments, the Court finds no reason to change its prior Order (Doc. #56).

Plaintiff asserts that the Court refuses to acknowledge his *pro se* status and the resulting rule that a less stringent pleading standard is applied. Plaintiff is incorrect. The Court was well aware that plaintiff was proceeding *pro se*, and that in such a case the Court holds "the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168 (11th Cir. 2014). However, "this leniency does not give [a court] license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Id. at 1168-69 (citation omitted). Application of the less stringent standard did not, and does not, support the claims against the judges in this case.

Plaintiff also objects to the dismissal of the judges with prejudice as a sanction. Plaintiff argues that dismissal with prejudice is a severe sanction, that plaintiff's conduct in this case broke no court rule, and as such, the sanction was not warranted. This objection is overruled because the dismissal of the judges in this case was not a sanction for misconduct by plaintiff. Dismissal was based on the failure to state, or be

able to state, a plausible claim against any of the judicial officers in light of their absolute judicial immunity. (Doc. #56, pp. 1-2.)

Plaintiff objects that dismissal prior to full discovery is improper and unwarranted. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Therefore, discovery is precluded by the judicial immunity. Additionally, no amount of discovery could have overcome the defendants' immunity. The objection is overruled.

Plaintiff asserts that dismissal with prejudice was erroneous because (1) plaintiff did not ask for money damages from the judicial defendants in the current case; and (2) in the 2016 case, the judicial defendants acted in the clear absence of all jurisdiction. (Doc. #71, p. 3.) Neither argument is meritorious.

The Court accepts plaintiff's clarification that he was not seeking monetary damages against any of the judicial officers. This does not change the absolute judicial immunity, since a plaintiff has no claim in federal court against a federal judicial officer for equitable relief such as injunctive or declaratory relief. "Federal judges are immune to injunctive and declaratory relief. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)." Simmons v. Edmondson, 225 F. App'x 787, 788 (11th Cir. 2007).

Plaintiff also asserts that the judges are not entitled to judicial immunity because they acted in the clear absence of jurisdiction, which would negate any entitlement to judicial immunity. In the 2016 federal case, which underlies the current action, plaintiff sued 3M Electronic Monitoring based upon complete diversity of citizenship, asserting he was a citizen of Florida and defendant was a citizen of Minnesota, having been both incorporated in Minnesota and having its principal place of business in Minnesota. (Clements v. 3M Elec. Monitoring, 2:16-cv-776-FTM-SPCUAM, Doc. #10, pp. 3-4.) Both plaintiff's original Complaint (id., Doc. #1, pp. 3-4) and his first Amended Complaint (id., Doc. #8, pp. 3-4) contained the same allegations. Plaintiff now asserts that there was not diversity jurisdiction because 3M was a citizen of Florida, which results in the judicial officers acting in the clear absence of jurisdiction and not being entitled to absolute judicial immunity.

It is correct that judges are not entitled to immunity when they act in the "clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Plaintiff's argument that there was a clear absence of all jurisdiction in this case is incorrect. "Judges do not lose their judicial immunity even if they act in absence of jurisdiction as long as they do not have knowledge that they lack jurisdiction or act 'in the face of clearly valid statutes or case law expressly depriving [them] of

jurisdiction.'" Dykes v. Hosemann, 743 F.2d 1488, 1497 (11th Cir. 1984)." Franklin v. Arbor Station, LLC, 549 F. App'x 831, 834 (11th Cir. 2013). In all the pleadings before the courts in the 2016 case, plaintiff asserted diversity jurisdiction, and there is no basis to suggest the judges knew otherwise.

Additionally, jurisdiction was present in the case. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Glob. Group, L.P., 541 U.S. 567, 570 (2004). All challenges to subject-matter jurisdiction premised upon diversity of citizenship are measured against the state of facts that existed at the time of filing the case. Id. The changes now alleged by plaintiff as to defendant's citizenship occurred long after the case was filed, and therefore had no impact on citizenship or the presence of diversity jurisdiction.

Plaintiff makes an additional argument in support of the disqualification of Day Pitney, asserting that the law firm committed fraud on the court and/or misrepresented citizenship to support subject-matter jurisdiction that was not actually present in the previous case. The disqualification of counsel was not discussed in the Court's prior Order (Doc. #56), and therefore is not a proper matter for a motion to reconsider. A motion for disqualification of the Day Pitney law firm is pending, and will be addressed in a separate order.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Reconsider Dismissal With Prejudice of Judicial Defendants (Doc. #71) is **GRANTED.** After considering plaintiff's arguments, the Court finds no reason to change its prior Order (Doc. #56).

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of March, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record