UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                                Case No:  2:20-cv-310-FtM-29MRM

APAX PARTNERS LLP, ATTENTI
US. INC., 3M, and MIKE
ROMAN, in his official
capacity as CEO of 3M,

      Defendants.

_____

<u>**OPINION AND ORDER**</u>

This matter comes before the Court on two motions to dismiss the Fourth Amended Complaint (Doc. #57), which is the operative pleading:  (1) Defendants Attenti US, Inc., 3M Company, and Mike Roman's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. #60); and (2) Defendant Apax Partners LLP's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. #59).  Plaintiff has filed Responses in opposition to the motions to dismiss (Docs. ## 66-68) and a Notice of Supplemental Authority (Doc. #78) supplementing the Amended Motion in Opposition to [DE 60] Attenti US, Inc., 3M Company, and Mike Roman's Motion to Dismiss (doc. #66).

This matter also comes before the Court on Defendant Attenti US, Inc.'s Motion for Rule 11 Sanctions (Doc. #33) filed on July

29, 2020.  Plaintiff filed Combined Replies to Defendants Motion
for Sanctions (Doc. #46) on August 31, 2020.

## I.   Motions to Dismiss

### A. Standards of Review

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint
must contain a "short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
This obligation "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not
do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citation omitted).  To survive dismissal, the factual allegations
must be "plausible" and "must be enough to raise a right to relief
above the speculative level."  Id. at 555.  See also Edwards v.
Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires
"more than an unadorned, the-defendant-unlawfully-harmed-me
accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all factual allegations in a complaint as true and take
them in the light most favorable to plaintiff, Erickson v. Pardus,
551 U.S. 89 (2007), but "[l]egal conclusions without adequate
factual support are entitled to no assumption of truth," Mamani v.
Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Where a motion to dismiss is based on a lack of personal jurisdiction,

> the court analyzes the claim under a three-step burden-shifting process. First, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." [United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)]. Second, if the complaint alleged sufficient facts, and "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Id. (quotation marks omitted). Third, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010).

Diulus v. Am. Express Travel Related Servs. Co., Inc., 823 F. App'x 843, 848 (11th Cir. 2020). "If the plaintiff doesn't meet his burden, the district court doesn't go to the second and third steps of the burden-shifting process, and the motion should be granted." Id. at 849.

Plaintiff is proceeding *pro se*, and the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168 (11th Cir. 2014). However, "this leniency does not give [a court] license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Id. at 1168-69 (quotations omitted).

**B. Factual Background**

**(1) Prior Criminal Case**

According to the Fourth Amended Complaint, from June 4, 2008 to June 4, 2013 plaintiff was serving a five-year term of state probation during which he was required to wear electronic monitoring equipment. (Doc. #57, ¶¶ 18, 20.) Plaintiff alleges that the electronic monitoring equipment "repeatedly malfunctioned," (id. at ¶ 20), causing him to be arrested on seven occasions for violation of probation (VOP) even though he always complied with the terms of probation (id.). As a result of the arrests, plaintiff spent 241 days in jail. (Id.) Plaintiff's

final arrest due to defective equipment was in October 2012.  (Id. at ¶ 31.)

### (2)  Plaintiff's 2016 Federal Case No. 2:16-cv-776

The Fourth Amended Complaint references plaintiff's 2016 case filed in this court, 2:16-cv-776-FTM-SPC-UAM. (Doc. #57, ¶ 17.) The Court takes judicial notice of the federal court file in Case No. 2:16-cv-776[1], which reflects the following:

On October 19, 2016, plaintiff filed a Complaint in the United States District Court in and for the Middle District of Florida, Fort Myers Division against 3M Electronic Monitoring (3M).  (Doc. #1.)  On February 14, 2017, and March 21, 2017, before service of process and an appearance by defendants' counsel, plaintiff filed amended pleadings.  (Docs. ## 8, 10.)  The Second Amended Complaint (Doc. #10) asserted that plaintiff had spent 241 days in jail for violation of probation because the electronic monitoring equipment provided by 3M was defective.  The Second Amended Complaint alleged a product liability claim, and sought $60,000

---

[1] "A district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See Fed. R. Evid. 201(b); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278-80 (11th Cir. 1999)." McCone v. Thorpe, 828 F. App'x 697, 698 (11th Cir. 2020)(taking judicial notice of state court records).  See also DeBose v. Ellucian Co., L.P., 802 F. App'x 429, 434 (11th Cir. 2019) (taking judicial notice of pleadings and orders in earlier federal case).

per day for the 241 days spent in jail and over $14 million in compensatory, punitive, and "pain and suffering" damages.

On June 29, 2017, U.S. District Judge Sheri Polster Chappell (Judge Chappell) granted defendant's Motion to Dismiss and Strike Punitive Damages finding the claim was time-barred under the Florida statute of limitations for a products liability action. (Doc. #32.)  The Court did not address defendant's alternative argument of a failure to allege physical harm.  Judge Chappell dismissed the case with prejudice, and Judgment (Doc. #33) was entered on June 30, 2017.  Plaintiff filed a Notice of Appeal (Doc. #34) on July 6, 2017.  On September 21, 2017, Judge Chappell denied reconsideration of the motion to dismiss order and denied plaintiff's request for a recusal.  (Doc. #40.)  Plaintiff filed a new Notice of Appeal (Doc. #41) to include this Order.

On May 31, 2018, the Eleventh Circuit Court of Appeals affirmed the dismissal of the Second Amended Complaint on the alternative ground that it failed to allege physical harm to plaintiff's person or property.  The Eleventh Circuit noted that plaintiff did not argue on appeal that the district court erred in denying him leave to amend, and therefore dismissal without leave to amend was not addressed.  (Doc. #45); Clements v. Attenti US, Inc., 735 F. App'x 661 (11th Cir. 2018).

In June 2018, plaintiff filed a second motion and an amended second motion for reconsideration in the district court, which argued for the first time that plaintiff should have been given the opportunity to amend the Second Amended Complaint. (Docs. ## 44, 45.)  On September 5, 2018, Judge Chappell noted that plaintiff had not requested leave to amend following the Order of dismissal and denied the motion as untimely.  (Doc. #51.)

On September 11, 2018, plaintiff filed a Notice of Appeal from this Order.  (Doc. #52.)  On May 3, 2019, the Eleventh Circuit affirmed the district court.  (Docs. #58, #68); Clements v. 3M Elec. Monitoring, 770 F. App'x 506 (11th Cir. 2019).

On May 21, 2019, plaintiff filed a third motion for reconsideration in the district court seeking to stay the effectiveness of the appeal and for leave to file a Third Amended Complaint.  (Doc. #60.)  On June 7, 2019, the District Court denied the motion noting that plaintiff was raising claims that could have been made on direct appeal.  (Doc. #63.)  Once again, plaintiff filed a Notice of Appeal (Doc. #64).  Plaintiff also filed a motion for relief from judgment (Doc. #71), which was denied.  (Doc. #72.)  Plaintiff filed a Notice of Appeal (Doc. #73) from that Order as well.

On November 25, 2019, the Eleventh Circuit affirmed the denial of the third motion for reconsideration and the motion for relief

from judgment, but denied defendant's request for sanctions without prejudice. (Doc. #76); <u>Clements v. 3M Elec. Monitoring</u>, 795 F. App'x 738 (11th Cir. 2019). Defendant 3M urged the Eleventh Circuit to enjoin further filings without the consent of a magistrate judge, however the appellate court declined to do so because relief was better sought before the district court in the first instance, and there was no evidence of widespread abuse. It noted, however, that "Clements's repeated motions for reconsideration smack of frivolity, and if this pattern continues, 3M could be justified in seeking sanctions from the district court." <u>Clements</u>, 795 F. App'x at 741.

**(3) Plaintiff's Current Federal Case No. 2:20-cv-310**

On April 28, 2020, plaintiff filed a Complaint (Doc. #1) against defendants Apax Partners LLP (Apax), Attenti US, Inc. (Attenti), 3M, and Mike Roman as CEO of 3M (Roman). After service of process, but before any appearances by counsel, plaintiff filed an Amended Complaint (Doc. #16) adding the law firm of Day Pitney LLP (Day Pitney), and filed an Opposed Motion to Disqualify Counsel (Doc. #21) which sought an order precluding Day Pitney from acting as counsel for defendants.

Plaintiff was granted leave to amend the Amended Complaint, (Doc. #20), and on July 14, 2020, plaintiff filed the Second Amended Complaint (Doc. #24). On September 11, 2020, the Court

dismissed the Second Amended Complaint for lack of subject matter jurisdiction, without prejudice to filing a Third Amended Complaint.  (Doc. #54.)

On September 21, 2020, plaintiff filed a Third Amended Complaint (Doc. #55), adding United States District Judge Sheri Polster Chappell, the Eleventh Circuit Court of Appeals, and "unnamed defendant appeals court Judges".  The next day, the Court *sua sponte* dismissed the judges with prejudice and dismissed the Third Amended Complaint as a shotgun pleading, granting leave to file a Fourth Amended Complaint.  (Doc. #56.)

On October 6, 2020, plaintiff filed the twelve-count Fourth Amended Complaint (Doc. #57) which is presently the operative pleading.  Federal jurisdiction is premised on federal question jurisdiction.  (Doc. #57, ¶ 13.)  The mostly state-law causes of action are: strict liability for design defects (Count I); intentional infliction of emotional distress (Count II); negligent infliction of emotional distress (Count III); fraudulent misrepresentation (Count IV); fraudulent concealment (Count V); negligent misrepresentation (Count VI); fraud and deceit against 3M and Roman (Count VII); and gross negligence (Count VIII); a RICO claim for violation of Fla. Stat. § 772.103(3) and/or 18 U.S.C. § 1962(c) (Count IX); a claim for violation of Fla. Stat. § 726.105, 11 U.S.C. § 548(E)(2), and Florida's Deceptive and

Unfair Trade Practices Act, Fla. Stat. § 501.201 (Count X); a claim of exemplary damages (Count XI); and lastly, a claim of unjust enrichment (Count XII).  Apax is only named as a named defendant in Count X.

### C. Motions to Dismiss by Attenti, 3M, and Roman

The Court begins with the motion to dismiss filed by defendants Attenti, 3M, and Roman.  (Doc. #60.)  By defendants' count, this is plaintiff's seventh lawsuit arising from the use of the electronic monitoring equipment while on probation.  (Doc. #60, p. 1, n.1.)  These defendants seek dismissal based on res judicata, collateral estoppel, the statute of limitations, and failure to state a claim.  (Id. at 2.)  The legal arguments are also joined by defendant Apax Partners, LLP. (Doc. #59, p. 5.) Plaintiff responds that none of these grounds provide a proper basis for dismissal.

### (1)  Res Judicata

Defendants argue that all of plaintiff's claims are barred by res judicata.  Res judicata generally refers to two separate concepts: claim preclusion and issue preclusion (also referred to as collateral estoppel). Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

> The purpose behind the doctrine of res judicata is that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation

> attending multiple lawsuits, conserves
> judicial resources, and fosters reliance on
> judicial action by minimizing the possibility
> of inconsistent decisions." <u>Montana v. United
> States</u>, 440 U.S. 147, 99 S. Ct. 970, 59 L. Ed.
> 2d 210 (1979). Res judicata bars the filing of
> claims which were raised or could have been
> raised in an earlier proceeding. <u>Citibank,
> [N.A. v. Data Lease Financial Corp.,</u> 904 F.2d
> [1498, 1501 (11th Cir. 1990)] (citing <u>I.A.
> Durbin, Inc. v. Jefferson Nat. Bank</u>, 793 F.2d
> 1541, 1549 (11th Cir. 1986)).

<u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999). Defendants seek dismissal on both claim preclusion and issue preclusion grounds.  Only the claim preclusion argument is successful.

**(a) Claim Preclusion**

"The doctrine of res judicata, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." <u>Lobo v. Celebrity Cruises, Inc.</u>, 704 F.3d 882, 892 (11th Cir. 2013). "Under the doctrine of res judicata, a claim is barred by prior litigation if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" <u>Griswold v. County of Hillsborough</u>, 598 F.3d 1289, 1292 (11th Cir. 2010) (quoting <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1990)).  "The court next determines whether

the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." Mann v. Palmer, 713 F.3d 1306, 1311 (11th Cir. 2013).

### (1)   Final Judgment on Merits

The district court dismissed plaintiff's 2016 Complaint with prejudice pursuant to a Rule 12(b)(6) motion, which was upheld on appeal.  A judgment dismissing a case with prejudice acts as a judgment on the merits for purposes of claim preclusion. Anthony v. Marion Cty. Gen. Hosp., 617 F.2d 1164, 1170 (5th Cir. 1980); Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) ("dismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits."); Lobo, 704 F.3d at 893 (Rule 12(b)(6) dismissal with prejudice is adjudication on merits).  Therefore, the first requirement for claim preclusion is satisfied.

### (2)   Decision By Court of Competent Jurisdiction

Plaintiff brought suit in 2016 in federal court asserting diversity jurisdiction.  Plaintiff now argues that there was no subject-matter jurisdiction over the 2016 case at the time of its dismissal because 3M had been sold to Attenti, whose presence destroyed diversity jurisdiction.  Plaintiff is incorrect.  "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'"

Grupo Dataflux v. Atlas Glob. Group, L.P., 541 U.S. 567, 570 (2004). All challenges to subject-matter jurisdiction premised upon diversity of citizenship are measured against the state of facts that existed at the time of filing the case. Id. The changes now alleged by plaintiff as to defendant's citizenship occurred after the 2016 case was filed, and therefore had no impact on citizenship for diversity jurisdiction purposes. The second requirement for claim preclusion is satisfied because the prior judgment was entered by a court of competent jurisdiction.

### (3)  Parties or Those In Privity Identical

Generally, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2172-73 (2008). While there are six categories of exceptions to this rule, the "virtual representation" theory relied upon by defendants in this case has been rejected. Griswold, 598 F.3d at 1292-93.

Here, both 3M and Attenti were named defendants in the 2016 at various times, and Roman is sued in his official capacity as CEO of 3M. All three were therefore either actual defendants or in privity with defendants in the 2016 case. Apax is a little more complicated. Defendants argue Apax was in privity with some or all of the three 3M defendants based upon the allegations in

the Fourth Amended Complaint, and that Apax was involved in the ownership and sale of 3M.  In its motion to dismiss based upon a lack of personal jurisdiction, Apax disputes any affiliation with Attenti and 3M.  See Declaration of Simon Cresswell (Doc. #59, Ex. A.)  The Court does not find the Rule 12(b)(6) record sufficient to establish Apax was in privity under res judicata principles.  However, the Court finds that the third requirement for claim preclusion is satisfied as to 3M, Attenti, and Roman.

### (4)   Same Cause of Action

"This Court has recognized that res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."   TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1325 (11th Cir. 2020).   "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Mann v. Palmer, 713 F.3d 1306, 1311 (11th Cir. 2013) (citation omitted). Defendants correctly argue that the claims arise from the same nucleus of operative facts – plaintiff's use of the allegedly

defective electronic monitoring equipment while on probation, and his arrests when the equipment malfunctioned.  Claims in the current case either were or could have been raised in the 2016 federal case.

In sum, the Court finds that 3M, Attenti, and Roman have established all requirements for claim preclusion for all counts in the Fourth Amended Complaint.  Therefore, the Fourth Amended Complaint will be dismissed with prejudice as to them.  Apax has not established its privity, and therefore claim preclusion does not apply to it.

**(b)   Issue Preclusion (Collateral Estoppel)**

"Issue preclusion bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." <u>Sellers v. Nationwide Mut. Fire Ins. Co.</u>, 968 F.3d 1267, 1272 (11th Cir. 2020)(citations omitted).  Issue preclusion has four elements:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

CSX Transp., Inc. v. Bhd. of Maint. of Way Emps., 327 F.3d 1309,
1317 (11th Cir. 2003) (quotation marks omitted).  Defendants
satisfy none of the requirement for issue preclusion.

Defendants assert that the previously litigated issue
was "whether [plaintiff's] electronic monitoring equipment, used
during his time on State Probation, was defective and caused him
damages from being re-arrested."  (Doc. #60, p. 11.)  To be
identical, the issues must have been litigated expressly or by
implication in the prior case.  In re Justice Oaks II, Ltd., 898
F.2d 1544, 1549-50 n.3 (11th Cir. 1990). While the issue identified
by defendants was at the core of the 2016 case and the current
case, it was not actually litigated in the 2016 case.  An issue
is actually litigated "[w]hen an issue is properly raised, by the
pleadings or otherwise, and is submitted for determination, and is
determined, the issue is actually litigated." Pleming v.
Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998)
(quoting Restatement (Second) of Judgments § 27 cmt. d (1982)).
See also Cmty. State Bank v. Strong, 651 F.3d 1241, 1263-64 (11th
Cir. 2011) ("issue preclusion precludes the re-adjudication of the
same issue, where the issue was actually litigated and decided in
the previous adjudication, even if it arises in the context of a
different cause of action" (citations omitted)).  The 2016 case
was resolved on a motion to dismiss based upon a pleading

deficiency and the failure to timely request leave to amend.  The issue identified by defendants was not critical or necessary to the prior judgment; indeed, it was not considered at all.  Finally, plaintiff did not have a full and fair opportunity to litigate the issue identified by defendants because his case was dismissed with prejudice on a pleading issue.  Accordingly, none of the defendants can prevail on the issue preclusion argument.

### D. Apax Personal Jurisdiction Motion

Defendant Apax argues that it is not subject to personal jurisdiction in the State of Florida.  "A court's exercise of specific personal jurisdiction comports with due process when (1) the non-resident defendant "purposefully availed himself" of the privilege of conducting activities within the forum state, (2) the plaintiff's claims "arise out of or relate to" one of the defendant's contacts within the forum state, and (3) the exercise of personal jurisdiction is in accordance with "traditional notions of fair play and substantial justice." Tufts v. Hay, 977 F.3d 1204, 1211 (11th Cir. 2020).  "A court without personal jurisdiction is powerless to take further action." Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

In the Fourth Amended Complaint, plaintiff alleges that Apax is a British private equity firm, headquartered in London, England, and that Apax also operates out of Tel Aviv.  Plaintiff alleges

that Apax is authorized to do business in the United States at an address in New York, and that "Apax is within the reach of Florida's long-arm Statute, § 48.193." (Doc. #57, ¶ 2.) Plaintiff alleges that Apax engaged in activities or a pattern or practice of conspiracy with co-defendants. (Id., ¶¶ 9-10.) Plaintiff alleges that defendants 3M and Roman "illegally dumped" 3M Electronic Monitoring to Attenti "via Apax". (Id., ¶ 11.) More specifically, plaintiff alleges that 3M Electronic Monitoring sold or dumped the company on October 10, 2017, to Apax and then renamed it Attenti. (Id., ¶ 42.) Plaintiff also states that he "has no idea if Apax and Attenti are separate entities from 3M, who owns what, and if they are, since they corroborated in the alleged deceitful and illicit business activities. . . ." (Id., 45.) Apax is only identified in Count X for a violation of Fla. Stat. § 726.105 and 11 U.S.C. § 548(E)(2) and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201. (Id., ¶¶ 151-155.) Plaintiff alleges that defendants, including Apax, used deceptive practices to mislead consumers. (Id., ¶ 47.) By Declaration, Apax states under oath that it did not purchase 3M Electronic Monitoring Company from 3M Company, and has never owned 3M Electronic Monitoring Company in that name, or in its current name Attenti. The Declaration further provides that Apax has no connection or ties to Florida, it does not own Attenti, and does

not engage in or carry on a business in Florida.  (Doc. #59, Ex. A.)

The Court finds that the Fourth Amended Complaint fails to sufficiently allege facts establishing that Apax purposely availed itself of this forum's privileges, and the facts further fail to demonstrate a clear connection to 3M or Attenti.  Apax will be dismissed without prejudice.

**E. Summary and Conclusion**

As to defendants 3M, Attenti, and Roman, the Court finds that they have established all requirements for claim preclusion (res judicata) for all counts in the Fourth Amended Complaint. Therefore, all counts will be dismissed with prejudice on this basis.  The Court finds that the statute of limitations issue and the failure to state a cause of action issues are moot in light of the claim preclusion resolution.

As to defendant Apax, the Court finds that the Fourth Amended Complaint does not establish personal jurisdiction because plaintiff has failed to allege sufficient facts to make out a prima facie case of jurisdiction.  Diulus, 823 F. App'x at 848. However, plaintiff may be able to do so.  Plaintiff will be provided an opportunity to amend as to Apax.

## II. Motion for Rule 11 Sanctions

Defendant Attenti seeks sanctions in the form of an injunction imposing pre-filing screening restrictions barring further *pro se* lawsuits against it by plaintiff without pre-approval from a Magistrate judge. <u>Martin-Trigona v. Shaw</u>, 986 F.2d 1384 (11th Cir. 1993). Such injunctions designed to protect against abusive and vexatious litigation cannot completely foreclose a litigant from access to the court. <u>Martin Trigona v. Shaw</u>, 986 F.2d 1384, 1385-87 (11th Cir. 1993). Injunctions barring litigants from future filings unless and until the filings were approved by a judge have been approved, for example, where the litigant "deluge[d]" the district court with complaints and other filings, <u>Copeland v. Green</u>, 949 F.2d 390, 391 (11th Cir. 1991). Defendant draws attention to six prior actions to support why a circuit-wide injunction should be instituted. While the Court has granted one component of defendant's motion to dismiss, it does not find at this time that the requested injunction is appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Attenti US, Inc.'s Motion for Rule 11 Sanctions (Doc. #33) is **DENIED.**

2. Defendant Apax Partners LLP's Motion to Dismiss (Doc. #59) is **GRANTED** to the extent that Apax is dismissed without

prejudice for lack of personal jurisdiction.  The motion is otherwise denied.

3. Defendants Attenti US, Inc. 3M Company, and Mike Roman's Motion to Dismiss (Doc. #60) is **GRANTED IN PART AND DENIED PART.**  All counts against these defendants in the Fourth Amended Complaint are dismissed with prejudice pursuant to claim preclusion.  The motion is otherwise denied.

4. Plaintiff may file a fifth amended complaint as to Apax only within **twenty-one (21) days** of the entry of this Opinion and Order.  Failure to do so shall result in a judgement of dismissal of Apax without further notice.

5. The Clerk shall withhold entry of judgment until further order of the Court.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of March, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record