```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                              Case No: 2:20-cv-310-JES-MRM

APAX PARTNERS LLP, ANDREW
SILLITOE, in his official
capacity as Co-CEO of Apax
Partners LLP, and MITCH
TRUWIT, in his official
capacity as Co-CEO of Apax
Partners LLP,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Opposed Motion for Reconsideration as to DE 82, Dismissal With Prejudice of Defendants Attenti, 3M and Mike Roman (Doc. #86) filed on April 14, 2021. Defendants Attenti US, Inc., 3M Company, and Mike Roman filed a Response in Opposition (Doc. #88) on April 28, 2021. For the reasons set forth below, the motion is denied.

On March 16, 2021, the Court issued an Opinion and Order (Doc. #82) finding that defendants 3M, Attenti, and Roman had established all requirements for claim preclusion (res judicata) and dismissal with prejudice, and that defendant Apax should be dismissed without prejudice because the Fourth Amended Complaint failed to sufficiently allege facts establishing personal jurisdiction.

Plaintiff seeks reconsideration of that Opinion and Order, generally arguing that he is being denied his right to seek redress and damages in court as to 3M, Attenti, and Roman. More specifically, plaintiff argues that the Court clearly erred by relying on federal law rather than substantive Florida law. Plaintiff further argues that, based on the sale of 3M Electronic Monitoring a year later in October 2017, the claims were not even ripe at the time of the 2016 litigation. Plaintiff also argues that the second case involved different parties from the 2016 case, and that there was no final judgment in the 2016 case. Plaintiff is incorrect on all points.

"When res judicata is asserted based on a prior federal judgment, Florida courts apply federal claim preclusion principles." Aronowitz v. Home Diagnostics, Inc., 174 So. 3d 1062, 1065 (Fla. 4th DCA 2015).[1] Therefore, the Court's citation to the Eleventh Circuit's elements was not error. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507–509 (2001)). Therefore, no reconsideration is warranted.

---

[1] By contrast, if giving res judicata effect to a prior state court judgment, the Court applies state law. Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006).

Plaintiff asserts that the claims could not have been asserted until the sale of "3M to Attenti via APAX in 2017." (Doc. #86, p. 9.) But nothing about the sale affected the claims, the factual basis for which occurred prior to the sale, and the alleged conspiracy does not change the analysis.

The Court specifically addressed the issue of the identity of the parties, and nothing warrants reconsideration of this issue. N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560-61 (11th Cir. 1990). Although there was a name change from 3M Electronic Monitoring to Attenti, it was the same defendant plaintiff sued in the 2016 lawsuit. (Doc. #88, p. 11 & n.10.) The Court finds no basis to reconsider the ruling.

Plaintiff argues that the 2016 case was dismissed for statute of limitations, and not on the merits. However, the Court found there was a final judgment on the merits because "A judgment dismissing a case with prejudice acts as a judgment on the merits for purposes of claim preclusion." (Doc. #82, p. 12) (citations omitted). The case was dismissed with prejudice, and Judgment was entered. (2:16-cv-776-SPC-UAM, Docs. ## 32, #33.) The subsequent appeals and requests for relief from judgment did not alter the dismissal with prejudice.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Opposed Motion for Reconsideration as to DE 82, Dismissal With Prejudice of Defendants Attenti, 3M and Mike Roman (Doc. #86) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of May, 2021.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record