LOUIS MATTHEW CLEMENTS
1637 HENDRY ST.
FORT MYERS, FL 33901
jtkirk1969@yahoo.com
(239)-940-0630
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

Plaintiff,

vs.

APAX PARTNERS LLP; ANDREW SILLITOE in his official capacity as CO-CEO of APAX PARTNERS LLP; MITCH TRUWIT in his official capacity as CO-CEO of APAX PARTNERS LLP,

Defendants.

Case No.: 2:20-cv-00310-JES-MRM

**PLAINTIFFS MOTION IN OPPOSITION TO DISMISS FIFTH AMENDED COMPLAINT**

Plaintiff, Louis Matthew Clements, *Pro Se*, files this motion to oppose DE 87 and DE 93 AKA, Defendants APAX PARTNERS LLP; ANDREW SILLITOE in his official capacity as CO-CEO of APAX PARTNERS LLP; MITCH TRUWIT in his official capacity as CO-CEO of APAX PARTNERS LLP motions to dismiss Plaintiffs Fifth Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), Local Rule 3.01.

## I. Motions Should Be Stricken

Defendant's motions constitute a failure to comply with Federal Rule of Civil Procedure and Local Rule 3.01(g). Despite counsel for Defendant's knowledge that Plaintiff is pro se and untrained at law, they repeatedly threatened to file, and actually did file, Defendant's Motion to Dismiss absent any meaningful discussion in an attempt to resolve the issue without this Court's intervention. Furthermore, Defendant remains in violation of Local Rule 3.01(g) by not attempting to contact Plaintiff to resolve the issues presented by its Motion. Under strict compliance with these Rules, Defendant's Motions to Dismiss should be denied on these grounds. To wit, Plaintiff asks that this Court use its inherent power to Strike DE 87 and DE 93 because Defendants are in violation of that rule.

As a matter of secondary fact, this Court may also take it upon itself to strike every motion Defendants have filed in this case so far as they have NEVER COMPLIED with the rule. Plaintiff has not spoken on the phone with Defendant's counsel since the beginning of the Litigation to discuss "case management report and pretrial discovery" in September of 2020. As they have stated repeatedly in their motions, they have "conferred via Email" with Plaintiff. This discussion usually goes nowhere. It is not an attempt for the parties to resolve matters and it is always cut short by the

Defendants Counsel in a bullying and controlling manner. Plaintiff is pro se and untrained at law and has known no better until now, until he has had to defend this Motion with Defendants citing local rule 3.01. Defendants Counsel should and do know better.

Although Emails may arguably constitute an "attempt," it is not enough to comply with the Local Rules. Middle District of Florida Local Rule 3.01(g) requires a moving party to "confer" with the opposing party in a good-faith effort to resolve the issues raised by a motion. This rule is "strictly enforced." "The purpose of Local Rule 3.01(g) 'is to require the parties to communicate and resolve certain types of disputes without court intervention.'" *Lippy v. Metropolitan Cas. Ins. Co.*, 2010 WL 4007035, *1 (M.D.Fla.Oct. 13, 2010) (citation omitted)). "The term 'communicate' has been further clarified to mean, 'to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.'" *Lippy, 2010 WL 4007035* (emphasis added) (citing *Davis v. Apfel*,2000 WL 1658575 (M.D.Fla.2000)); cited by *Greenwood v. Point Meadows Place Condo. Ass'n, Inc.*, 3:10-CV-1183-J-34TEM, 2011 WL 5358682 (M.D. Fla. 2011) ("Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith").

"The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely 'attempt' to confer have not 'conferred.'" *Esteves v. SunTrust Banks, Inc.,*2014 WL 1328401*2 (M.D.Fla. Apr. 2, 2014)(emphasis added).

In the Middle District of Florida, an email or a letter does not count as a conference to satisfy the good-faith requirement. See, e.g., *Espinal v. Professional Recovery Services, Inc.*, 2010 WL 4392912, *1(M.D.Fla.Oct. 29, 2010)("It appears Plaintiff's counsel would have this Court accept three emails that were evidently sent to Defendant's counsel as satisfactory consultation under Local Rule 3.01(g). The Court declines to do so.").

Although Plaintiff included a Local Rule 3.01(g) Certification in its motion (DE 87 and 93 and ALL OTHER MOTIONS TO DISMISS), no actual conference took place. Outside emails are the only attempt at a conference." Therefore, because Rule 3.01(g) is "strictly enforced" and Defendants have failed to "confer," the order on the previous motions should be vacated, as the motion should not have been granted, and Plaintiff, pro se, should have been offered an opportunity by the Court to have these issues resolved by the Court at an earlier date instead of by him asking. Therefore,

the Order granting Defendants previous motions to dismiss should be vacated and these motions stricken.

**II. Defendants Should Be Sanctioned**

Under Rule 3.01(g)(3) the Defendants can be sanctioned. Plaintiff asks this Court to do so under its inherent powers. The Courts inherent power to sanction requires no notice or safe harbor.

**III. Supplemental Authority Under Rule 3.01(i)**

Seeing as this Court is due to vacate its previous orders to grant dismissal of claims against the parties 3M, ATTENTI and ROMAN (DE 82 and DE 89) it can consider the following supplemented evidence when re-ruling on the matter.

Plaintiffs caselaw in DE 86 is correct regarding the improper dismissal of the 2016 Defendants:

> *"In Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 499 (2001) the Supreme Court found that federal common law adopts the state rule of res judicata to determine the preclusive effect of an earlier judgment of a federal court that exercised **diversity jurisdiction**. (emphasis added). The claim-preclusive effect of the judgment of a federal court exercising diversity jurisdiction is determined by the "law that would be applied by state courts in the State in which the federal diversity court sits.'' 1d. at 508 (internal quotations omitted)."

The 11th USCA has an entire web page devoted to Plaintiff's previous argument that this Court has twice disregarded involving the use of Florida State Case law instead of Federal Case law in determining Res Judicata in this case concerning the Defendants from the 2016 Litigation. Plaintiff fully reproduces said web page article below:

https://www.11thcircuitbusinessblog.com/2017/02/federal-common-law-applies-state-preclusion-rules-to-judgments-in-diversity-cases/

# Federal Common Law Applies State Preclusion Rules to Judgments in Diversity Cases

"The Eleventh Circuit cleaned up some conflicting precedent this week and confirmed that state-law rules determine the preclusive effect of judgments rendered by federal courts in diversity cases. In deciding that question in *CSX Transportation, Inc. v. General Mills, Inc.,* 2017 WL 393704 (11th Cir. Jan. 30, 2017), the court reversed the district court's judgment and held that this question of federal common law is answered by incorporating state substantive law of collateral estoppel.

In an opinion by Judge William Pryor, the court turned first to *Semtek International Inc. v. Lockheed Martin Corp*., 531 U.S. 497

(2001), in which the Supreme Court held that federal common law applies state rules of res judicata (or claim preclusion) to judgments in diversity cases. Although Semtek did not involve collateral estoppel (or issue preclusion), Judge Pryor suggested that "collateral estoppel and res judicata are insufficiently distinct to warrant different treatment."

But the Eleventh Circuit was not confronting this question for the first time and had its own complicated caselaw to examine, comprising "two lines of divergent precedent, neither of which acknowledges the other." In one case, the court had stated that "federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction." *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps. (Brotherhood),* 327 F.3d 1309, 1316 (11th Cir. 2003). The court had also issued squarely conflicting holdings on whether to apply federal or state collateral estoppel rules to a decision from a diversity action in *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1310 (11th Cir. 2005), and in *Tampa Bay Water v. HDR Engineering, Inc.,* 731 F.3d 1171, 1180 (11th Cir. 2013). The court held in the former case that

state collateral estoppel rules govern and in the latter that federal collateral estoppel rules govern.

In parsing this contradictory caselaw, the Eleventh Circuit applied two principles to sort through its precedents. First, the holding of a decision constitutes precedent whereas the dicta do not. The court then identified the quote from Brotherhood as mere dicta because the question there concerned the preclusive effect of a federal court's judgments in federal-question cases rather than diversity cases. Second, among two contradictory holdings, the court is bound to follow the earlier one unless it has been overruled or abrogated by the Supreme Court or the Eleventh Circuit sitting en banc. Under this prior-precedent rule, the first of the two decisions with opposite holdings established the controlling precedent because the second was decided without reference to it. Therefore, the court applied its earlier precedent from Palmer & Cay and held that federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction. It then remanded for the district court to make the initial determination concerning the element of identity of parties under Georgia law of collateral estoppel."

**CONCLUSION**

FOR THE REASONS SET FORTH ABOVE, Plaintiff, requests this under its inherent powers to Strike DE 87 and 93, sanction Defendants and vacate its previous orders in DE 82 and 89 granting Defendants motions to dismiss.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Mark A. Romance, Esq., Richman Greer, P.A., 396 Alhambra Circle, North Tower- 14th floor, Miami, Florida 33134 via Email or Electronic Filing on 06/3/2021 at the following addresses:

mromance@daypitney.com gthompson@daypitney.com

lmiller@daypitney.com

Respectfully submitted,

__________________________________

Plaintiff, *Pro Se*, Louis Matthew Clements