```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LOUIS MATTHEW CLEMENTS,

        Plaintiff,

v.                                  Case No:  2:20-cv-310-JES-MRM

APAX PARTNERS LLP, ANDREW
SILLITOE, in his official
capacity as Co-CEO of Apax
Partners LLP, and MITCH
TRUWIT, in his official
capacity as Co-CEO of Apax
Partners LLP,

        Defendants.

## ORDER

This matter comes before the Court on plaintiff's Motion in Opposition to Dismiss Fifth Amended Complaint (Doc. #95) filed on June 3, 2021.  The motion seeks to strike defendant Apax Partners LLP's Motion to Dismiss Fifth Amended Complaint (Doc. #87) and Andrew Sillitoe and Mitch Truwit's Motion to Dismiss Fifth Amended Complaint (Doc. #93), to sanction defendants for failure to fully comply with the spirit of Local Rule 3.01(g), and for the Court to vacate its March 16, 2021, Opinion and Order (Doc. #82) denying sanctions and dismissing Attenti US, Inc., 3M Company, and Mike Roman with prejudice, and May 10, 2021, Opinion and Order (Doc. #89) denying reconsideration.

With regard to a motion to dismiss in particular,

> At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:
>
> (A) must certify that the movant has conferred with the opposing party,
>
> (B) must state whether the parties agree on the resolution of all or part of the motion, and
>
> (C) if the motion is opposed, must explain the means by which the conference occurred.

M.D. Fla. R. 3.01(g)(2). The Local Rule 3.01(g) Certification for both motions states that counsel conferred with plaintiff, that counsel did so by email, and that plaintiff indicated that he opposed the motions. The duty to confer is a continuing obligation only if "the opposing party is unavailable." M.D. Fla. R. 3.01(g)(3). In this case, defendants complied with their obligations under the Rule and obtained plaintiff's position on the motions. The motion to strike, and for sanctions, will be denied.

As to plaintiff's statement that "this Court is due to vacate its previous orders to grant dismissal of claims", doc. #95, p. 5, that is not the case. The Court denied reconsideration and finds no basis to reopen the matter.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion in Opposition to Dismiss Fifth Amended Complaint (Doc. #95) is **DENIED** in its entirety.

2. Plaintiff is provided one last chance to file responses to Apax Partners LLP's Motion to Dismiss Fifth Amended Complaint (Doc. #87) and Andrew Sillitoe and Mitch Truwit's Motion to Dismiss Fifth Amended Complaint (Doc. #93) within **FOURTEEN (14) DAYS** of this Order. **If no responses are filed, the Court will consider the motions without the opportunity to respond.**

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of June, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record